UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) ) | Chapter 13<br>Case No. 08-40601-MSH |
| CHRISTOPHER RYAN, | | |
| Debtor. | | |

**MEMORANDUM OF DECISION
ON CHAPTER 13 TRUSTEE'S MOTION FOR RECONSIDERATION**

The Chapter 13 trustee, Denise M. Pappalardo, has filed a Motion for Reconsideration or in the Alternative for Clarification [# 39] of my order of May 28, 2010 [# 35] on the trustee's motion to dismiss [# 26]. The debtor opposes the trustee's motion for reconsideration.

The background facts as well as the rationale for the May 28th order are set forth in a memorandum of decision accompanying that order [# 34]. The trustee's motion relates to the portion of that memorandum of decision dealing with the treatment of the pre-petition arrearage claims of two secured creditors, IXIS Real Estate Capital Trust 2004-HE-4 ("IXIS") and Wilshire Credit Corp. ("Wilshire"). For the sake of simplicity and ease of reference I quote the relevant portion of the memorandum here:

> With respect to the Trustee's complaint that the plan fails to provide payment in full of the IXIS and Wilshire secured arrearage claims as filed, the Trustee ignores the *res judicata* effect of a confirmed plan. Although a proof of claim is *prima facie* evidence of the validity and amount of a claim, Fed. R. Bankr. P. 3001(f), a timely filed proof of claim will not establish the amount of the claim to be paid through a confirmed plan if the confirmed plan states otherwise and the creditor received notice and an opportunity to be heard but failed to object to the treatment of its claim under the plan. *Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001). Even a confirmation order that was erroneously entered is not presumptively void. *Espinosa*, 130 S.Ct. at 1380. Consequently, both mortgagees, who received notice of the plan but never objected to it, are bound by the payment terms set forth in the plan. Each will receive the lion's share of its mortgage arrearage through the plan and each will retain its claim for

1

the balance of the prepetition arrearage to be collected after completion of the plan. *Cf. In re MacKenzie*, 314 B.R. 277, 279-80 (Bankr. D.N.H. 2004). (Memorandum of Decision on Chapter 13 Trustee's Motion to Dismiss 4 [# 35]).

The trustee frames her motion for reconsideration in terms of a struggle for primacy between the *res judicata* effect of a chapter 13 plan confirmation order under §1327(a) of the Bankruptcy Code (11 U.S.C. § 101 *et seq*.) and the *prima facie* validity of a proof of claim under §502 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3001. The trustee interprets my May 28th order as a ruling that §1327 trumps §502 and, citing Judge Feeney's decision in *In re Greene-Jackson*, Case No. 00-14423-JNF, Slip Op. (Bankr. D. Mass. Mar. 30,2001) [# 23], asks me to reverse that result.

The trustee has misconstrued my prior ruling. I do not view the interplay between §§1327 and 502 as an all-or-nothing struggle for supremacy. These two statutory provisions with their important procedural and substantive impact on Chapter 13 cases can and should co-exist.

The order confirming the Chapter 13 plan in this case was *res judicata* as to the *treatment* of the IXIS and Wilshire pre-petition arrearage claims. The determination of the allowed *amounts* of those claims occurred outside the plan as part of the claims process and since each creditor timely filed a proof of claim to which the debtor interposed no objection, each creditor's allowed claim was in the amount set forth in its proof of claim. To the extent the plan treatment of those allowed claims will not result in full payment of those claims during the life of the plan, the unpaid balance will have to be paid outside the plan. This is the reasoning in my May 28th order.

*Greene-Jackson* implicitly supports this reasoning by acknowledging the important distinction between the treatment of a claim in a Chapter 13 plan and a plan's attempt to fix the

2

dollar amount of that claim. It is the latter situation (not present in this case) to which the holding in *Greene-Jackson* applies.

The trustee suggests that my May 28 ruling is antithetical to the fresh start policy underlying the Bankruptcy Code because it creates the possibility that a debtor will be saddled with residual debt after discharge. In this case, however, the difference between the allowed amounts of the arrearage claims and the amounts to be paid the holders of those claims under the plan is not substantial. Further, the affected creditors have themselves not objected to the treatment accorded them in the plan. Finally, the trustee waited nineteen months from the claims bar date and seventeen months from plan confirmation to raise her objection to the plan. Nothing in my May 28 order will prevent the trustee or an aggrieved creditor in the appropriate case from objecting to confirmation of a plan or seeking plan modification upon a pleading filed within a *reasonable time*, asserting that the amount of the untreated payment due a secured creditor outside the plan renders the plan not feasible, not in good faith or violative of some other provision of the Bankruptcy Code such as §1322(b)(5) which requires curing defaults within a reasonable time.

Based on the foregoing, I decline to alter my May 28 order but hopefully have provided to the trustee some clarification as to the effect of that order. A separate order on the trustee's motion for reconsideration shall enter.

Dated at Worcester in said District this 21st day of July, 2010.

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

3